**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **STEVEN M. ST. CLAIR,** ) | **CASE NO. 1:13CV2045** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY ADMINISTRATION,** ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J.**:

    This matter comes before the Court upon Plaintiff's Objections (ECF DKT #18) to the Report and Recommendation (ECF DKT #17) of Magistrate Judge Armstrong, who recommends that the Court affirm the Commissioner's decision denying Plaintiff's Claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (Act) and Supplemental Security Income (SSI) under Title XVI of the Act. For the following reasons, the Court ADOPTS Magistrate Judge Armstrong's Report and Recommendation and AFFIRMS the Commissioner's denial of Plaintiff's Claims.

## BACKGROUND

    The following is a factual synopsis of Plaintiff's claims. The Magistrate Judge's

1

Report and Recommendation provides a more complete and detailed discussion of the facts. Due to the nature of this case, there is an extensive medical background. For a complete overview of Plaintiff's medical history, see Magistrate Judge Armstrong's Report and Recommendation, which refers to the original Complaint and incorporates all documents in relation to the dispute.

On March 14, 2012, Plaintiff filed an Application for SSI and federally administered benefits. On March 15, 2012, Plaintiff applied for DIB. The Social Security Administration denied Plaintiff's Application on initial review and upon reconsideration. The Appeals Council denied review, making the Administrative Law Judge's (ALJ) determination the final decision of the Commissioner. Plaintiff now seeks judicial review of the ALJ's decision.

## STANDARD OF REVIEW

A district court's review of a final administrative decision of the Commissioner made by an ALJ in a Social Security action is not de novo. *Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010) report adopted by 2011 WL 233697 (N.D. Ohio 2011). Rather, a district court is limited to examining the entire administrative record to determine if the ALJ applied the correct legal standards in reaching his decision and if there is substantial evidence in the record to support his findings. *Id. (citing Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005)). "Substantial evidence" is evidence that a reasonable mind would accept to support a conclusion. *Id. (See Richardson v. Perales*, 91 S. Ct. 1420, 1427 (1971)).

## LAW AND ANALYSIS

In this case, the Vocational Expert (VE) testified at the hearing before the ALJ. The VE offered three sedentary, unskilled jobs that are available in numbers sufficient to accommodate Plaintiff. The ALJ determined that Plaintiff was not entitled to DIB.

To be eligible for DIB and/or SSI benefits, a claimant must be under a "disability"

as defined by the Social Security Act.  *Collins v. Commissioner of Social Security*, 2013 WL 4482491, *4 (S.D.Ohio,2013) (*citing* 42 U.S.C. § 423(d)(1)(A)).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations.  *Id.* (citing 20 C.F.R. § 404.1520(a) (4)).  Although a dispositive finding at any step ends the ALJ's review, Id. (see Colvin v. Barnhart, 475 F.3d 727, 730 (6th Cir.2007)), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's RFC, can he or she perform his or her past relevant work?
5. Assuming the claimant can no longer perform his or her past relevant work—and also considering the claimant's age, education, past work experience, and RFC—do significant numbers of other jobs exist in the national economy which the claimant can perform? Id (citing 20 C.F.R. § 404.1520(a)(4); Miller v. Commissioner of Social Security, 181 F.Supp.2d 816, 818 (S.D.Ohio 2001)). A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition. Id. (citing Key v. Callahan, 109 F.3d 270, 274 (6th Cir.1997)).

After careful consideration of the medical evidence, the legal framework for establishing disability and the entire record, the ALJ found that at Step Three the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, but that Plaintiff had the residual functional capacity to perform light work.

In Plaintiff's Objections to Report and Recommendation, he asserts that the ALJ failed to explain why the opinion of Dr. Darshan Mahajan, a neurologist, was not adopted even though the ALJ gave it full weight.  Dr. Mahajan completed an initial examination to

3

determine the cause of Plaintiff's seizures and scoliosis. Dr. Mahajan opined that Plaintiff could stand/walk four hours in a six-hour workday, a half hour without interruption; could sit eight hours in an eight-hour workday, a half hour without interruption; could lift/carry up to twenty-five pounds frequently and occasionally; and was moderately limited in pushing and pulling and bending. Plaintiff asserts that the ALJ erred by failing to make an implicit rejection of this 30 minute limitation.

The Magistrate Judge thoroughly analyzed the ALJ's decision and found that the ALJ gave full weight to Dr. Mahajan's opinions which included a finding that Plaintiff could sit for eight hours in an eight-hour work day, thirty minutes at a time. However, when assessing residual functional capacity, the ALJ determined that Plaintiff could sit for eight hours in an eight-hour work day, two hours at a time. Dr. Mahajan was a non-treating examining medical source who evaluated Plaintiff for the purpose of obtaining a completed medical source statement for the Ohio Job and Family Services. The Magistrate Judge correctly concluded that Dr. Mahajan's opinions were derived from a narrowly focused, one-time evaluation used to determine whether there were neurological symptoms and signs ascribed to Plaintiff's seizures and scoliosis.

The Magistrate Judge points out that there is a general order of preference to first give greater weight to the opinion of a treating physician followed by an opinion from a non-treating examining physician. *Murray v. Commissioner of Social Security*, 2013 WL 5428734, *4 (N.D.Ohio,2013) (*see Ealy v. Commissioner of Social Security*, 594 F.3d 504, 514 (6th Cir.2010); *Rogers v. Commissioner*, 486 F.3d 234, 245 (6th Cir. 2007) (citing 20 C.F.R. §§ 404.1527(c)(1–2) & 416.927(c)(1–2) (defining "Examining relationship" and "Treatment relationship")). With regard to non-treating, but examining sources, "the agency will simply '[g]enerally [ ] give more weight to the opinion of a source who examined [the claimant] than to the opinion of a source who has not examined' " her. *Id.* (*citing Ealy*, 594 F.3d at 514).

Plaintiff argues that the ALJ gave no explanation for failing to adopt Dr. Mahajan's opinion that Plaintiff needed a rest period every half hour.  The Court agrees with the Magistrate Judge that the ALJ reconciled that a finding limiting Plaintiff to a rest period every half hour was more restrictive than reflected in Dr. Mahajan's evaluation.  There was no medical evidence or pathological basis suggesting that Plaintiff needed a break after sitting for a half hour, particularly when he admitted to sitting for a large portion of the day.

The Magistrate Judge points out that Plaintiff sat through the administrative hearing without taking a break every half hour, did not claim that he needed such an accommodation and his counsel failed to elicit testimony that such an accommodation was required.  The ALJ found that such a restriction was not based on objective medical evidence and was markedly inconsistent with the medical evidence and Plaintiff's own testimony.  The Court agrees with the Magistrate Judge that the ALJ evaluated all of the medical opinions in accordance with regulatory factors and explained the weight given each opinion. The ALJ's discussion about how the ALJ discounted Dr. Mahajan's opinion makes it sufficiently clear that the ALJ found that there was no medical evidence of record to support the limitation found by Dr. Mahajan that Plaintiff required a break every thirty minutes.

**CONCLUSION**

Based upon the foregoing analysis, the Court finds that Plaintiff's Objections are without merit and the Commissioner's decision denying Plaintiff's Application for Disability Insurance Benefits and Supplemental Security Income is supported by substantial evidence.  Therefore, the Magistrate Judge's Report and Recommendation (ECF DKT #17) is ADOPTED and the Commissioner's denial of Plaintiff's Claim is AFFIRMED.

**IT IS SO ORDERED.**

**DATE: 7/15/14**

                               **s/Christopher A. Boyko**
                               **CHRISTOPHER A. BOYKO**
                               **United States District Judge**